```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    WESTERN DIVISION
```

DEVIN HARDIN-WARFIELD                                   PETITIONER

VERSUS                            CIVIL ACTION NO. 5:05cv161-DCB-JMR

RAY MOSBY, DEER CREEK PUBLISHING
COMPANY, INC., PHYLLIS MOSBY, LOGAN
MOSBY, VICKI ROACH BARNES, in her
official capacity as Sharkey County,
Mississippi, Chancery Court Judge,
MARIUNDA WILLIAMS, in her official
capacity as Clerk of the Chancery
Court of Sharkey County, Mississippi,
LINDA DICK, DAN JACKSON, M.D., DAVID
M. SESSUMS, CHARLES H. WEISSINGER,
JR., NATALIE PERKINS, FRED MILLER,
BILLY JOHNSON, PATSY JOHNSON, ALLEN
WOODARD, LYNNE MOSES, CLARK SECOY,
SARAH HODNETT, BRANDON DURST WILLARD,
and JOHN DOES 1-20                                     RESPONDENTS

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Rolling Fork Police Department's Motion to Dismiss [**docket entry no. 3**], Murindia Williams' Motion to Dismiss [**docket entry no. 4**], Linda Dick's Motion to Dismiss [**docket entry no. 5**], Sarah Hodnett's Motion to Dismiss [**docket entry no. 6**], Dan Jackson's Motion to Dismiss [**docket entry no. 7**], Billy Johnson's Motion to Dismiss [**docket entry no. 8**], Patsy Johnson's Motion to Dismiss [**docket entry no. 9**], Fred Miller's Motion to Dismiss [**docket entry no. 10**], Lynn Moses' Motion to Dismiss [**docket entry no. 11**], Clark Secoy's Motion to Dismiss [**docket entry no. 12**], Charles Weissinger's Motion to Dismiss [**docket entry no. 13**], Brandon Willard's Motion

to Dismiss [**docket entry no. 14**], Allen Woodard's Motion to Dismiss [**docket entry no. 15**], and Vickie Barnes' Motion to Dismiss [**docket entry no. 37**].  Having reviewed the Motions, briefs, applicable statutory and case law and being otherwise fully advised as to the premises, the Court finds as follows:

Before the Court is a Petition brought pursuant to Federal Rule of Civil Procedure 27 ("FRCP 27" or "Rule 27").  In said petition, Devin Hardin-Warfield ("Warfield" or "the petitioner") asks the Court to allow the petitioner to pursue discovery against the respondents prior to the possible initiation of a suit against some or all of those respondents at a later date.  Specifically, the petition arises out of a prior custody battle between certain respondents, Ray and Phyllis Mosby, and Warfield concerning the proper placement of the petitioner's minor son.  It is contended by Warfield that the Mosbys, as well as other respondents, either engaged in or may have engaged in actions which deprived the petitioner of various constitutional rights.  The petitioner seeks a Rule 27 hearing allegedly for the purposes of "perpetuating" testimony and other evidence from these respondents prior to the initiation of a lawsuit.

"Rule 27 of the Federal Rules of Civil Procedure allows the perpetuation of testimony and the preservation of documents prior to a complaint being filed assuming that the five specific criteria set forth in the rule are met."  <u>In the matter of Meridian Bulk</u>

Carriers, Ltd., 2003 WL 23181011, at *1 (E.D. La. July 14, 2003). Specifically, FRCP 27(a)(1) provides that:

> [A] person who desires to perpetuate testimony regarding any matter that may be cognizable in any court of the United States may file a verified petition in the United States district court in the district of the residence of any expected adverse party. The petition . . . shall show: 1, that the petitioner expects to be a part to an action cognizable in a court of the United States but is presently unable to bring it or cause it to be brought, 2, the subject matter of the expected action and the petitioner's interest therein, 3, the facts which the petitioner desires to establish by the proposed testimony and the reasons for desiring to perpetuate it, 4, the names or a description of the person the petitioner expects will be adverse parties and their addresses so far as known, and 5, the names and addresses of persons to be examined and the substance of the testimony which the petitioner expects to elicit from each . . . .

Expounding upon these requirements, courts have held that the petitioner must satisfy three basic elements before her petition may be granted. First, the petitioner must set forth an explanation of what the sought testimony would demonstrate. See In the matter of Allegretti, 229 F.R.D. 93, 96 (S.D.N.Y. 2005). Second, it must be established that the petitioner, in good faith, expects to bring an action cognizable in federal court, but is presently unable to bring it. Id. Lastly, the petitioner must make an "objective showing that without a Rule 27 hearing, known testimony would otherwise be lost, concealed or destroyed." Id. In analyzing the facts of this case, the Court finds that the

petitioner has failed to satisfy any of the three requirements, and that the petition must be denied.

### *Explanation of the testimony sought*

In In re Landry-Bell, 232 F.R.D. 266 (W.D. La. 2005), the petitioner sought to utilize a Rule 27 petition in order to conduct a Rule 11 investigation prior to filing suit. Id. at 266. That petition, as discussed by the district court, was found to not be authorized under the rule:

> Courts generally agree that to allow Rule 27 to be used for the purpose of discovery before an action is commenced to enable a person to fish for some ground for bringing suit would be an abuse of the rule. Thus, Rule 27 does not allow for pre-suit discovery in order to determine compliance with Rule 11. Simply stated, Rule 27 is not a vehicle for compliance with Rule 11.
>
> Rule 27 simply authorizes the *perpetuation* of evidence, not the discovery or uncovering of it. . . . A person contemplating litigation has no absolute entitlement to early discovery under Rule 27. Moreover, the refusal to permit discovery prior to the institution of a suit is a ruling with only temporary application. The petitioner is free to seek discovery once the anticipated action has been filed. The overwhelming weight of authority simply does not authorize the use of Rule 27 to conduct the type of pre-suit discovery Petitioner requests herein.

Id. at 267 (internal citations and quotations omitted).

Turning to the facts of this case, it is clear that the pending Rule 27 petition must be denied. Warfield does not seek to perpetuate any known or anticipated evidence as contemplated by the

rule; rather, she attempts to employ Rule 27 as a vehicle to uncover facts which may support a future action against the respondents. As recognized by the court in Landry-Bell, the purpose of Rule 27 is to allow an anticipated litigant the opportunity to secure or perpetuate evidence so that it will be available to that litigant when the action is eventually filed. See also In the matter of Allegretti, 229 F.R.D. 93, 96 (S.D.N.Y. 2005) (holding that Rule 27 may not be used "to discover evidence for the purpose of filing a complaint"). In short, Warfield fails to satisfy the first requirement of Rule 27 inasmuch as she cannot state with any amount of particularity the testimony she expects to garner from a Rule 27 hearing.

***Inability to bring action***

As set forth above, the petitioner must show an inability to bring the anticipated lawsuit at the time that the petition was filed. See, e.g., In re Sims, 389 F.2d 148 (5th Cir. 1967) (allowing Rule 27 hearing to anticipated habeas petitioner where he could not bring federal action at the time because he had not exhausted his state remedies). Warfield does not explain why she is unable to initiate an action against the respondents except for the fact that she currently lacks the information to support the civil actions. As stated previously, Rule 27 is not to be used as a vehicle for compliance with Rule 11. Therefore, the petitioner may not rely upon a current lack of information to support her

action as justification to pursue the instant petition.

### *Spoliation or Loss of Evidence*

As to the third requirement, a Rule 27 petitioner must show that in the absence of Rule 27 relief, the testimony sought via the hearing has a substantial chance of being lost or destroyed. See Lucas v. Riddle, 2004 WL 1084719, at *1 (D. Conn. May 11, 2004) (Rule 27 is intended to 'apply to situations where, for one reason or another, testimony might be lost to a prospective litigant'"; allowing Rule 27 hearing to perpetuate DNA evidence that might otherwise be destroyed) (internal citation omitted). Courts have stated that, in order to satisfy this requirement, a petitioner must "make a particularized showing that the testimony needs to be taken in advance of the contemplated action." In re Checkosky, 142 F.R.D. 4, 7 (D.D.C. 1992). For example, in In re Sims, 389 F.2d 148, 150 (5th Cir. 1967), the Fifth Circuit held that this requirement had been met where the potential deponent was leaving the country. Similarly, in Texaco, Inc. v. Borda, 383 F.2d 607 (3d Cir. 1967), the court allowed the deposing of a witness of advanced age in a suit that had been stayed pending the resolution of a parallel criminal prosecution. See also In the matter of Campania Chilena de Navegacion, 2004 WL 1084243 (E.D.N.Y. 2004) ("the fact that the vessel with the crew [sought to be deposed in a Rule 27 petition] will be leaving the United States within 24 hours, possibly not to return to the United States at any point in the

future, is a sufficient basis for this Court to find the extraordinary circumstances necessary to warrant discovery under Rule 27 . . .").

In this action, however, there has been no particularized showing that testimony or other evidence is likely to be lost prior to the filing of an action on behalf of the petitioner. Warfield claims that a "reasonable concern exists regarding the destruction, loss or other spoliation of evidence . . . prior to any reasonable opportunity for the [p]etitioner to obtain and secure such evidence in any other proceeding . . . ." Petition, ¶43. The petitioner alleges that one of the respondents, Ray Mosby, has a criminal conviction for embezzlement and that he has engaged in numerous other unlawful acts. Petition, ¶¶32-34. Warfield then asks the Court to make an untenable inferential leap to find that "based upon the criminal history and background of Respondent Ray Mosby" as well as the supposed transient nature of the evidence sought, that loss of that evidence is likely without a Rule 27 hearing. Petition, ¶44. The Court finds that such alleged justifications are insufficient to demonstrate that a Rule 27 hearing is reasonably necessary to perpetuate testimony or other evidence.

## CONCLUSION

Therefore, Warfield has failed to properly support her Rule 27 petition, and, accordingly, that petition will be denied. The respondents' various motions to dismiss are deemed moot inasmuch as

the Court has determined that dismissal is warranted in favor of all respondents on grounds independent from those raised by the said motions.  The petitioner also includes a request for a "Bill of Discovery" under Mississippi law.  While the Court has seen no authority supporting the position that pendent state law claims may be attached to a Rule 27 petition, that question need not be entertained inasmuch as this Order disposes of the petitioner's asserted basis for the Court's original jurisdiction. Accordingly,

IT IS HEREBY ORDERED that Rolling Fork Police Department's Motion to Dismiss [**docket entry no. 3**], Murindia Williams' Motion to Dismiss [**docket entry no. 4**], Linda Dick's Motion to Dismiss [**docket entry no. 5**], Sarah Hodnett's Motion to Dismiss [**docket entry no. 6**], Dan Jackson's Motion to Dismiss [**docket entry no. 7**], Billy Johnson's Motion to Dismiss [**docket entry no. 8**], Patsy Johnson's Motion to Dismiss [**docket entry no. 9**], Fred Miller's Motion to Dismiss [**docket entry no. 10**], Lynn Moses' Motion to Dismiss [**docket entry no. 11**], Clark Secoy's Motion to Dismiss [**docket entry no. 12**], Charles Weissinger's Motion to Dismiss [**docket entry no. 13**], Brandon Willard's Motion to Dismiss [**docket entry no. 14**], Allen Woodard's Motion to Dismiss [**docket entry no. 15**], and Vickie Barnes' Motion to Dismiss [**docket entry no. 37**] are **MOOT**;

IT IS FURTHER ORDERED that Devin Hardin-Warfield's Petition

for Discovery under Rule 27 of the Federal Rules of Civil Procedure [**docket entry no. 1**] is **DENIED**;

IT IS FURTHER ORDERED that Devin Hardin-Warfield's request for a Bill of Discovery [included in **docket entry no. 1**] is **DENIED**;

Inasmuch as the denial of the petitioner's Rule 27 petition disposes of all matters under this civil action number, a separate final judgment dismissing this action without prejudice shall be entered in accordance with Federal Rule of Civil Procedure 58.

SO ORDERED, this the 17th day of May, 2006.

S/DAVID BRAMLETTE<br>
UNITED STATES DISTRICT JUDGE